**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NOAH GRASSIE**, individually and on behalf of all others similarly situated, | ) | Case No. |
| Plaintiff, | ) | |
| vs. | ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **AMERIMED EMERGENCY MEDICAL SERVICES, LLC,** | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Plaintiff Noah Grassie ("Plaintiff"), individually and on behalf of all others similarly situated, for his collective and class action Complaint against Defendant Amerimed Emergency Medical Services, LLC ("Defendant"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio's statute requiring semi-monthly payment of wages, O.R.C. § 4113.15.

2. Plaintiff brings this case as a FLSA "collective action" individually and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 individually and on behalf of other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Akron, Ohio.

8. Plaintiff has been employed by Defendant from approximately October 2, 2023, to the present. Plaintiff is employed by Defendant as a non-exempt hourly employee.

9. Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

10. At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Defendant is a Limited Liability Company with its headquarters in Buford, Georgia. Defendant can be served through its Ohio registered statutory agent: Rick Reed, 510 E. Wilson Bridge Rd., Suite H, Worthington, OH 43085.

13. At all relevant times, Defendant was an employer of Plaintiff and other similarly situated employees within the meaning of the FLSA and Ohio law.

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and O.R.C. § 4113.15.

## FACTS

16. Defendant owns and operates an emergency medical and transport services business in Ohio, Georgia, Tennessee, South Carolina, Indiana, and Florida.

17. Defendant employs hourly workers to provide various emergency medical response transportation services.

18. Plaintiff and other similarly situated employees were hourly employees who worked for Defendant within the last three years. At no time was Plaintiff or other similarly situated employees paid on a salary basis.

19. Plaintiff works for Defendant as an EMT-B and is paid approximately $22.74 per hour, with a $2.00 per hour night shift differential. She was also provided a weekly bonus equal to $10 per run, which Defendant referred to as a TIP Profit Share Bonus.

20. Neither the night shift differential nor the TIP Profit Share Bonus were included when calculating Plaintiff's overtime rate. Rather, such overtime rate was calculated based only on her $22.74 base rate.

21. For example, for the pay period starting September 7, 2025, and ending September 13, 2025, Plaintiff worked 49.02 hours. She earned $98.04 in shift differential payments (i.e., $2.00 * 49.02 = $98.02) and $60 in TIP Profit Share Bonuses. Regardless, Defendant calculated and paid

her at an overtime rate equal to $34.11, which is based solely on Plaintiff's base hourly rate (i.e., $22.74 * 1.5 = $34.11) and excludes the shift differential and bonus payments.

22. Failing to include shift differentials and TIP Profit Share Bonuses when calculating the regular rate for overtime payment purposes is a companywide practice affecting all employees who receive such differentials and bonuses.

23. Plaintiff and those similarly situated employees were not exempt from the overtime requirements of the FLSA or Ohio law.

24. At all relevant times, Plaintiff and those similarly situated employees regularly worked more than 40 hours per workweek for Defendant.

**Defendant's Recordkeeping Violations**

25. The FLSA and state law, including Ohio law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

26. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

27. Defendant kept records of hours worked or otherwise had the ability to accurately track hours worked and accurate overtime earned and owed through Defendant's hardware, software, and/or systems, by Plaintiff and others similarly situated.

28. However, because of Defendant's policy described herein, Defendant failed to accurately track, keep, or transmit accurate overtime earnings for Plaintiff and other similarly situated employees.

29. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes. Defendant's failure to correctly record true overtime wages earned had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and other similarly situated employees.

30. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) individually and on behalf of others similarly situated who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

32. The FLSA Collective members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations is defined as follows:

> **All current and former hourly employees of Defendant, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, shift differential payments or TIP Profit Share Bonuses, and who worked more than 40 hours during any such workweeks at any time from three years preceding the filing of this Complaint through final disposition of this matter.**

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly

situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

34. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's failure to pay Plaintiff and others similarly situated an overtime premium of one and a half times their properly calculated regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs

35. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
**(Ohio Class)**

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of others similarly situated who have similar claims under the laws of the State of Ohio. The Ohio Class is defined as follows:

> **All current and former hourly Ohio employees of Defendant, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, shift differential payments or TIP Profit Share Bonuses, and who worked more than 40 hours during any such workweeks at any time from three years preceding the filing of this Complaint through final disposition of this matter**.

37. The Ohio Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed 40 individuals. The exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law.

38. Thought undisputed and merely a matter of arithmetic upon analysis of records Defendant is required to keep by law, there are questions of law or fact common to the Ohio Class including whether Defendant failed to pay non-exempt hourly employees, such as Plaintiff and those similarly situated employees, for all hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendant's failure to in include Plaintiff's and other similarly situated employees' non-discretionary compensation when calculating their regular rates of pay.

39. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual Ohio Class members.

40. Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Ohio Classes.

41. Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

42. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Ohio Class members.

43. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this claim for violations of the FLSA's overtime provisions, individually and on behalf the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

47. Plaintiff and other similarly situated employees were not paid their total amount of overtime compensation because Defendant failed to include shift differentials and TIP Profit Share Bonuses when calculating Plaintiff's overtime rate.

48. Plaintiff and other similarly situated employees were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

49. Defendant failed to pay Plaintiff and other similarly situated employees the required overtime compensation.

50. At all relevant times, Defendant knew it was required to pay Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

51. Defendant's practice and policy of not paying Plaintiff and other similarly situated for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the FLSA.

52. Defendant failed to keep accurate records as required by law.

53. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

54. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

55. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
## (Ohio Class – Violation of O.R.C. § 4113.15(A))

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Ohio's semi-monthly payment of wages statute O.R.C § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending

with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

58. Plaintiff brings this claim for violation of O.R.C § 4113.15(A), individually and on behalf of all Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

59. Plaintiff and the Ohio Class members were not timely paid all wages earned because Defendants failed to include non-discretionary compensation, including but not limited to shift differentials and TIP Profit Share Bonuses.

60. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

61. There is no dispute that Plaintiff and others similarly situated were entitled to the properly calculated compensation for overtime hours documented as worked, the calculation of which is a simple matter of arithmetic based on records Defendant is required to keep as a matter of law, notwithstanding Defendant's failure to accurate record the true value of overtime wages earned.

62. Defendants failed to pay all wages due under O.R.C § 4113.15(A) to Plaintiff and the Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of others similarly situated, respectfully requests that this Honorable Court:

A. Direct that Court-approved notice be issued pursuant to 29 U.S.C. § 216(b) to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Ohio Class members;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join, and the Ohio Class members;

D. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members actual damages for unpaid wages;

E. Award Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the Opt-Ins;

F. Award Plaintiff and the Ohio Class members liquidated damages as provided under OPPA;

G. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members pre-judgment and post-judgment interest at the statutory rate;

H. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

I. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*<u>/s/ Hans A. Nilges</u>*
Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all claims so triable.

*<u>/s/ Hans A. Nilges</u>*
*Counsel for Plaintiff*