**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| NOAH GRASSIE, individually and on behalf of all others similarly situated<br><br>        **Plaintiff,**<br><br>v.<br><br>AMERIMED EMERGENCY MEDICAL SERVICES, LLC<br><br>        **Defendant.** | CASE NO. 5:25-cv-02057<br><br>JUDGE JOHN R. ADAMS<br><br>AMERIMED EMERGENCY MEDICAL SERVICES, LLC'S ANSWER TO PLAINTIFF NOAH GRASSIE'S COLLECTIVE AND CLASS ACTION COMPLAINT |

For its Answer to Plaintiff Noah Grassie's Collective and Class Action Complaint (Doc. 1), Defendant Amerimed Emergency Medical Services, LLC ("Amerimed") states as follows:

**INTRODUCTION**

1. Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff's Complaint purports to assert violations of the Fair Labor Standards Act ("FLSA") and Ohio's Prompt Pay Act. Amerimed denies all other allegations in Paragraph 1 of Plaintiff's Complaint.

2. Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff's Complaint purports to assert an FLSA collective action on behalf of himself and other similarly situated individuals. Amerimed denies all other allegations in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff's Complaint also purports to assert a class action under Fed. R. Civ. P. 23 on behalf of himself and other

similarly situated individuals. Amerimed denies all other allegations in Paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits the allegations in Paragraph 6 of Plaintiff's Complaint.

## PARTIES

7. Amerimed admits that Plaintiff is an adult individual, but denies for lack of knowledge all other allegations in Paragraph 7 of Plaintiff's Complaint.

8. Amerimed admits only that Plaintiff was employed as a non-exempt hourly employee from October 2, 2023 until September 28, 2025. Amerimed denies all other allegations in Paragraph 8 of Plaintiff's Complaint.

9. Amerimed admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Paragraph 10 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff

2

was an employee within the meaning of the FLSA and Ohio law. Amerimed denies all other allegations in Paragraph 10 of Plaintiff's Complaint.

11. Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff was engaged in commerce within the meaning of the FLSA. Amerimed denies all other allegations in Paragraph 11 of Plaintiff's Complaint.

12. Amerimed admits only that is a limited liability company headquartered in Budford, Georgia and that is registered to do business in Ohio. Amerimed denies all other allegations in Paragraph 12 of Plaintiff's Complaint.

13. Paragraph 13 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that it employed Plaintiff. Amerimed denies all other allegations in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that it engages in commerce within the meaning of the FLSA. Amerimed denies all other allegations in Paragraph 14 of Plaintiff's Complaint.

15. Amerimed admits only that it is required to comply with the FLSA and Ohio's Prompt Pay Act. Amerimed denies all other allegations in Paragraph 15 of Plaintiff's Complaint.

**FACTS**

16.     Amerimed admits only that it operates an emergency medical and transport business in Ohio, Georgia, Tennessee, South Carolina, Indiana, and Florida. Amerimed denies all other allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Amerimed admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Amerimed admits only that Plaintiff was an hourly employee who was employed within the last three years. Amerimed denies all other allegations in Paragraph 18 of Plaintiff's Complaint.

19.     Amerimed admits only that Plaintiff worked as an EMT Basic, was paid an hourly wage ranging from $22.08 to $22.74, a $2.00 shift differential was in effect for part of Plaintiff's employment, and Plaintiff received a Transport Incentive Profit Share ("TIPS") bonus. Amerimed denies all other allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Amerimed admits only that the night shift differential and TIPS bonus were not included in the hourly rate for purposes of calculating Plaintiff's overtime rate. Amerimed denies all other allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Amerimed admits only that the night shift differential and TIPS bonus were not included in the hourly rate for purposes of calculating Plaintiff's overtime rate. Amerimed denies all other allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Amerimed denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff was a non-exempt employee. Amerimed denies all other allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Amerimed denies the allegations in Paragraph 24 of Plaintiff's Complaint.

**Defendant's Recordkeeping Violations**

25.     Paragraph 25 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that it has record keeping obligations under the FLSA and Ohio law. Amerimed denies all other allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that it has record keeping obligations under the FLSA and Ohio law. Amerimed denies all other allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Amerimed admits only that it kept records of hours worked by Plaintiff. Amerimed denies all other allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Amerimed denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Amerimed denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Amerimed denies the allegations in Paragraph 30 of Plaintiff's Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

31.     Paragraph 31 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff's Complaint purports to assert an FLSA collective action on behalf of himself and other similarly situated individuals. Amerimed denies all other allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Paragraph 34 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Paragraph 35 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 35 of Plaintiff's Complaint.

**OHIO CLASS ACTION ALLEGATIONS**
**(Ohio Class)**

36.     Paragraph 36 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff's Complaint purports to assert a class action under Fed. R. Civ. P. 23 on behalf of himself and other similarly situated individuals. Amerimed denies all other allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Paragraph 37 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Paragraph 38 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Paragraph 39 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Paragraph 40 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Paragraph 41 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Paragraph 42 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Paragraph 43 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Paragraph 44 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed denies the allegations in Paragraph 44 of Plaintiff's Complaint.

**COUNT ONE**
**(FLSA Overtime Violations)**

45. Amerimed restates its responses to the preceding paragraphs as if fully rewritten herein.

46. Paragraph 46 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff's Complaint purports to assert an FLSA collective action on behalf of himself and other similarly situated individuals. Amerimed denies all other allegations in Paragraph 46 of Plaintiff's Complaint.

47. Amerimed denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Amerimed denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Amerimed denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Amerimed admits only that it was required to pay Plaintiff overtime compensation at a rate of one and a half times the regular rate. Amerimed denies all other allegations in Paragraph 50 of Plaintiff's Complaint.

51. Amerimed denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52. Amerimed denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53. Amerimed denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Amerimed denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55. Amerimed denies the allegations in Paragraph 55 of Plaintiff's Complaint.

## COUNT TWO
### (Ohio Class – Violation of O.R.C. § 4113.15(A))

56. Amerimed restates its responses to the preceding paragraphs as if fully rewritten herein.

57.     Amerimed admits only that Plaintiff has accurately quoted part of O.R.C § 4113.15(A). Amerimed denies all other allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Paragraph 58 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff's Complaint purports to assert a class action under Fed. R. Civ. P. 23 on behalf of himself and other similarly situated individuals. Amerimed denies all other allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Amerimed denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     Amerimed denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Amerimed denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Amerimed denies the allegations in Paragraph 62 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's and the proposed collective and class-action members' claims are barred, in whole or in part, by the applicable statutes of limitations.

3.     Plaintiff's and the proposed collective and class-action members' claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, accord and satisfaction, payment, failure of consideration, and laches.

4.     Plaintiff is not similarly situated to the proposed collective or class-action members, or to any other person or persons for purposes of the FLSA and/or Ohio law claims.

5.     Plaintiff does not satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment.

9

6.     Plaintiff cannot satisfy the requirements for a class action, thus barring class action treatment.

7.     The FLSA and Ohio law claims asserted by Plaintiff and on behalf of similarly-situated individuals and/or potential opt-in or other plaintiffs are barred, in whole or in part, as to those who do not give their consent in writing to become party plaintiffs or who fail to file their express written consent with the Court.

8.     Plaintiff's and the proposed collective and class-action members' claims are barred because they have been fully paid for the work they performed.

9.     Amerimed acted in good faith and in conformity with, and in reliance on, applicable administrative regulations, orders, rulings, approvals, interpretations, and enforcement guidance of the United States Department of Labor.

10.     Any violation of the FLSA or Ohio law, which Amerimed expressly denies, was not willful and was made in good faith. Amerimed had reasonable grounds for believing its compensation practices complied with the FLSA and Ohio law.

11.     To the extent Plaintiff and the proposed collective and class-action members seek to include payments that are discretionary, non-promised, or gratuitous in the regular rate, such payments are excludable under the FLSA.

12.     Amerimed is entitled to an offset or setoff for any compensation, premiums, or other payments already made to Plaintiff and the proposed collective and class-action members for the periods at issue.

13.     Amerimed reserves the right to file additional defenses as may be appropriate based on information gathered during discovery.

10

WHEREFORE, having fully answered, Amerimed requests that the Court enter judgment in its favor on all counts in Plaintiff's Complaint, dismiss the Complaint in its entirety, and award Amerimed its reasonable costs, expenses, attorneys' fees, and such other relief that the Court deems fair.

Respectfully submitted,

/s/ Michael R. Briach
Thomas E. Green (#0075022)
Michael R. Briach (#0097986)
tgreen@kwwlaborlaw.com
mbriach@kwwlaborlaw.com
KASTNER WESTMAN & WILKINS, LLC
3550 West Market Street, Suite 100
Akron, OH  44333
Telephone:  (330) 867-9998
Facsimile (330) 867-3786

*Attorneys for Amerimed Emergency Medical Services, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed and served on all Parties December 8, 2025 via the Court's electronic filing system.

Hans A. Nilges (0076017)
NILGES DRAHER LLC
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
hnilges@ohlaborlaw.com

Robi J. Baishnab (0086195)
Nicholas A. Boggs (0102430)
NILGES DRAHER LLC
700 W. St. Clair Ave., Suite 320

11

Cleveland, OH 44113
Telephone: 216-230-2955
Facsimile: 330-754-1430
rbaishnab@ohlaborlaw.com
nboggs@ohlaborlaw.com

*Attorneys for Noah Grassie*

/s/ Michael R. Briach
Michael R. Briach (#0097986)

*Attorney For Amerimed Emergency Medical Services, LLC*