IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NOAH GRASSIE**, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No.: 5:25-cv-02057-JRA ) ) Judge John R. Adams ) |
| vs. | ) **JOINT STIPULATION FOR THE** ) **ISSUANCE OF NOTICE UNDER** |
| **AMERIMED EMERGENCY MEDICAL SERVICES, LLC**, | ) **29 U.S.C. § 216(b) TO POTENTIAL** ) **OPT-IN PLAINTIFFS** ) |
| Defendant. | ) |

Named Plaintiff Noah Grassie ("Named Plaintiff"), on behalf of himself and others similarly situated, and Defendant Amerimed Emergency Medical Services, LLC, pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), move this Court through this Joint Stipulation to authorize notice to potential Opt-In Plaintiffs ("Potential Opt-in Plaintiffs") (defined below). A proposed Order granting this Stipulation is attached hereto as **Exhibit A**.

I.      **INTRODUCTION**

On September 26, 2025, Named Plaintiff filed his collective and class action Complaint alleging overtime violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219. (Doc. 1).[1] Specifically, Named Plaintiff alleged that Defendant violated the FLSA because it failed to include shift differentials and TIP Profit Share Bonuses when calculating Named Plaintiff's regular rate of pay to be used when he worked overtime. (*Id*. at ¶¶18-24). Defendant denies any liability. (Doc. 11).

On May 19, 2023, the Sixth Circuit issued its decision in *Clark v. A&L Homecare & Training Ctr., LLC*, No. 22-3101/3102, 2023 U.S. App. LEXIS 12365 (6th Cir. May 19, 2023). In

---

[1] Violations were also alleged under the Ohio's Prompt Pay Statute, Ohio Revised Code 4113.15.

1

*Clark*, the Sixth Circuit held that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at *12. While the Court did not give specific guidance as to what is required to show a "strong likelihood," it did note that the "standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.* Ultimately, the Sixth Circuit held that "[w]hether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Id.* at *9.

Notably, the Sixth Circuit advised that "in applying this [strong likelihood] standard, district courts should expedite their decision to the extent practicable." *Id.* at *13. Indeed, "[i]f the plaintiffs in an FLSA suit move for court-approved notice to other employees, the court should waste no time in adjudicating the motion." *Id.*

In accordance with the Sixth Circuit's holding in *Clark*, and for the purpose of approving notice only, the Parties stipulate that there is a strong likelihood that Named Plaintiff and Potential Opt-in Plaintiffs are similarly situated, and ask the Court to authorize notice to the Potential Opt-in Plaintiffs, who are defined as: All current and former hourly EMT and paramedic field employees of Defendant, including temporary employees as applicable, who received night shift differential payments or TIP Profit Share Bonuses beyond their hourly rate of pay, and who worked more than 40 hours during one or more workweeks from September 26, 2022, to the present.

II. <u>LAW AND ARGUMENT</u>

Section 216(b) of the FLSA provides that "[a]n action to recover the liability prescribed" by the Act "may be maintained against any employer … by any one or more employees for

and in behalf of himself or themselves and other employees similarly situated." Section 16(b) specifies that "[n]o employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

Authorizing notice to the Potential Opt-in Plaintiffs will inform them of the collective action and permit them to join the case pursuant to Section 216(b). *Taylor v. Pilot Corp.,* 697 F. App'x 854, 860 (6th Cir. 2017) (*citing Genesis Healthcare Corp.,* 569 U.S. 66, 75 (2013)) (Court facilitated notice "simply allows the sending of court-approved written notice to employees who must then affirmatively opt in to the litigation").

The Parties stipulate that Named Plaintiff is sufficiently similarly situated to the Potential Opt-in Plaintiffs for the limited purpose of issuing notice. This Stipulation is consistent with the *Clark* decision[2] and conserves resources of the Court and of the Parties, eliminating the need for expedited pre-notice discovery and motion practice. For example, the Sixth Circuit made clear in *Clark*, a "district court may permit discovery for purposes of… 'similarly situated' determinations," and should initiate all discovery "promptly" that is "relevant to the motion." *Clark,* 2023 U.S. App. LEXIS 12365, at *8 (citing *Hoffmann-La Roche v. Sperling,* 493 U.S. 165, 170, 110 S. Ct. 482 (1989)).

The Parties agree that this Stipulation is not intended to prevent or prejudice Defendant's ability to take the position that the Potential Opt-in Plaintiffs are not similarly situated nor to oppose any motion that Potential Opt-in Plaintiffs are similarly situated. The Parties further agree that by stipulating to Court-supervised notice, Defendant is not conceding that it violated the FLSA in any manner, or that Named Plaintiff's allegations are admitted in any way.

---

[2] It is also consistent with the Federal Rules' mandate "to secure the just, speedy, and inexpensive determination of every action and proceeding." (Fed. R. Civ. P. 1).

3

The Parties request that the Court approve the Parties' Joint Stipulation and approve that notice may be directed to the Potential Opt-in Plaintiffs. The Parties also request that the Court:

1. Approve the form and substance of the Notice and Consent attached as **Exhibit B**.

2. Direct that Defendant shall provide to Plaintiffs' Counsel Nilges Draher LLC within **21 days** of approval of the Stipulation, the names, last known home mailing addresses and last known phone numbers for all Potential Opt-in Plaintiffs.

3. Direct that the court-approved Notice and Consent shall be mailed by a third-party administrator selected by Plaintiffs' Counsel via first-class U.S. Mail and text message. *See e.g., Pryke v. First Solar, Inc.,* No. 3:21-CV-00681-JGC, 2021 U.S. Dist. LEXIS 208794, at *7-8 (N.D. Ohio Oct. 29, 2021) (text messages are more likely to reach potential opt-in plaintiffs because email becomes "saturated and unwieldy" and "[p]eople change their zip codes much more often than they do their area codes."). Plaintiffs' Counsel shall be responsible for and bear all costs associated with mailing the Notice and Consent to all Potential Opt-in Plaintiffs.

4. Direct that Plaintiffs' Counsel, or the third-party notice administrator, shall provide Defendant's Counsel with proposed drafts of all notice materials for review before dissemination, including the notice, envelope, text, and any other communications to potential opt-in plaintiffs. No court-approved Notice shall be issued absent agreement of the Parties or approval by the Court.

5. Direct that there shall be a **45-day** notice period for opting into this lawsuit, which shall commence on the date that the Notice and Consent are sent. All Consent forms

sent to the third-party administrator shall be postmarked, faxed, or emailed within the 45-day notice period as outlined in the Notice.

6. Direct that in the event that any Notice and Consent is returned to the third-party administrator as undeliverable, the third-party administrator and/or Plaintiffs' Counsel shall attempt to obtain an additional mailing address. For such persons, Plaintiffs' Counsel, or the third-party notice administrator, shall notify Defendant, and the notice period will be extended **15 days** from the date the first Notice and Consent was mailed.

7. Defendant is not waiving any rights or defenses and Defendant does not admit to liability by virtue of this stipulation. Defendant expressly preserves all rights and defenses, including, but not limited to, opposing any motion for an order that Potential Opt-in Plaintiffs are similarly situated and objecting to the proposed collective/class action claims as not meeting the requirements of Fed. R. Civ. 23 and Section 16(b) of the FLSA and/or on any other legal and/or factual basis.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Parties respectfully request that the Court authorize the publication of notice as described herein.

Respectfully Submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **KASTNER WESTMAN & WILKINS, LLC** |

*/s/ Robi J. Baishnab*  
Robi J. Baishnab (0086195)  
700 W. St. Clair Ave., Suite 320  
Cleveland, OH 44113  
Telephone: (216) 230-2955  
Facsimile: (330) 754-1430  
Email: rbaishnab@ohlaborlaw.com  

Hans A. Nilges (0076017)  
7034 Braucher Street NW, Suite B  
North Canton, OH 44720  
Telephone: (330) 470-4428  
Facsimile: (330) 754-1430  
Email: hans@ohlaborlaw.com  

*Counsel for Plaintiffs*

*/s/ Michael R. Briach (with permission)*  
Michael R. Briach (0097986)  
Thomas E. Green (0075022)  
3550 West Market Street, Suite 100  
Akron, OH 44333  
Telephone: (330) 867-9998  
Facsimile: (330) 867-3786  
Email: mbriach@kwwlaborlaw.com  
        tgreen@kwwlaborlaw.com  

*Counsel for Defendant*


### CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robi J. Baishnab*  
*Counsel for Plaintiffs*